IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No: 2:22-cv-24-RAH-SMD |
| ) | |
| JOHN WAHL, Chairman of the Alabama ) | |
| Republican Committee in his individual ) | |
| and official capacities, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER &
## RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 13, 2022, Plaintiff Manetirony Clervrain filed a form Complaint (Doc. 1) on behalf of himself and thirty-one pro se plaintiffs alleging violations of their constitutional rights under 42 U.S.C. § 1983 and *Bivens*.[1] The Complaint was signed only by Plaintiff Clervrain. Signature Page (Doc. 1-3) p. 1. Along with the Complaint, Plaintiff Clervrain filed a Motion to Proceed *In Forma Pauperis* (Doc. 2). Plaintiff Clervrain did not attach his financial affidavit to his Motion; instead, he provided Plaintiff Ronaldo Jean's financial affidavit. *See* Mot. (Doc. 2); Affidavit (Doc. 2-1).

On February 17, 2022, the undersigned entered an Order denying Plaintiff Clervrain's Motion to Proceed *In Forma Pauperis*. Order (Doc. 5). The undersigned advised Plaintiff Clervrain that providing Plaintiff Jean's financial affidavit was improper

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

and that he must file his own financial affidavit to support his Motion. Order (Doc. 5) pp. 6-7. The undersigned afforded Plaintiff Clervrain the opportunity to refile his request to proceed *in forma pauperis*. *Id.*

In that same Order, the undersigned explained that Plaintiff Clervrain's Complaint was deficient because (1) Plaintiff Clervrain, proceeding pro se, could not submit a complaint on behalf of other pro se plaintiffs, *id.* at 2-5, and (2) the Complaint was virtually incomprehensible and qualified as a shotgun pleading, *id.* at 5-6. The undersigned afforded Plaintiff Clervrain the opportunity to file an amended complaint and gave him specific instructions on how to remedy the deficiencies in the Complaint. *Id.* at 2-10. Plaintiff Clervrain received a copy of the undersigned's Order on February 22, 2022. Return Receipt Card (Doc. 6).

Plaintiff Clervain took no action as to the undersigned's February 17 Order. So, on March 28, 2022, the undersigned entered a second order directing Plaintiff Clervrain to either submit the civil filing fee or file an appropriate motion to proceed *in forma pauperis*. Order (Doc. 7). On April 5, 2022, Plaintiff Clervrain filed a "Motion for Mitigating Financial Burden or ('IFP') Constitutional Issues By Massive Issues ['Right Aggravated'] Treatment Act" (Doc. 9), which the undersigned construes as a motion to proceed *in forma pauperis*.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Importantly, the right to file *in forma pauperis* in civil matters is not absolute; "it is a privilege extended to those unable to pay filing fees[.]" *Startti v. United States*, 415

F.2d 1115, 1116 (5th Cir. 1969) (per curiam).[2] In determining *in forma pauperis* eligibility, "courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted).

Here, Plaintiff Clervrain indicates that he and his spouse[3] have a total monthly income of $2,320. Mot. (Doc. 9) p. 18. He avers that, dispersed between two joint checking accounts, he has $1,000. *Id.* at 19. Plaintiff Clervrain claims that he and his spouse have monthly expenses of $2,797.07, $500 of which is devoted to clothing each month.[4] Mot. (Doc. 9) pp. 21.

The undersigned finds that Plaintiff Clervrain has the financial assets available to pay the filing fee. Although Plaintiff Clervrain is not currently employed, his spouse earns a monthly gross income of $2,320. Mot. (Doc. 9) p. 18. Plaintiff Clervrain states that he currently has $1,000 available between two financial accounts at a bank, savings and loan association, or other financial institution *Id.* at 19. And, although Plaintiff Clervrain indicates that his monthly expenses exceed his monthly income, it appears that at least some of those expenses—particularly the $500 each month that is spent on clothing—is

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[3] Courts may consider the income of a party's spouse and joint assets when determining a motion to proceed *in forma pauperis. Hernandez v. Comm'r of Soc. Sec.*, 2016 WL 11121055, at *2 (M.D. Fla. Oct. 4, 2016) ("A court considering a motion to proceed *in forma pauperis* may consider the assets and income provided by a spouse.") (citing *Trimble v. Volz*, 2008 WL 4490181 at *3 (M.D. Fla. Sept. 30, 2008))).

[4] This does not include laundry and dry cleaning, which Plaintiff Clervrain lists as a separate expense of $57.80 per month. Mot. (Doc. 9) p. 21.

3

exaggerated. As such, the undersigned finds that Plaintiff Clervrain has failed to demonstrate that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1); *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D.N.Y. 1988) (finding that the defendant was not entitled to proceed *in forma pauperis* where he and his wife had combined annual income of between $34,000.00 and $37,000.00); *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012) (recommending *in forma pauperis* request be denied where spouse had monthly income of $2,500, the couple owned a home, and had no dependents); *Powell v. Harris*, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (recommending motion to proceed *in forma pauperis* be denied where the plaintiff earned $350 per week and had $1,500 in his savings account). Therefore, the Motion to Proceed *In Forma Pauperis* (Doc. 9) should be denied.

Next, when a plaintiff requests to proceed *in forma pauperis*, the court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is frivolous, the court is required to dismiss the suit *sua sponte. See id.* A claim is considered frivolous only if it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (A case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.); *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) ("A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight."). However, if "a liberal reading of the complaint

4

gives any indication that a valid claim might be stated," a plaintiff should be given at least one opportunity to amend the complaint prior to dismissal. *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (citation and internal quotation marks omitted); *see also Troville v. Venz*, 303 F.3d 1256, 1260 & n. 5 (11th Cir. 2002) (per curiam).

The undersigned finds that Plaintiff Clervrain's Complaint is frivolous and fails to invoke the Court's federal question jurisdiction.[5] Federal question jurisdiction is governed by the well-pleaded complaint rule, which requires a federal question to be presented on the face of the plaintiff's properly pleaded complaint. *See* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). However, even a claim that arises under the Constitution, laws, or treaties of the United States may be dismissed for lack of subject-matter jurisdiction if: (1) "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders,* 138 F.3d 1347, 1352 (11th Cir. 1998) (quotation omitted). A claim is "wholly insubstantial and frivolous" so as to warrant dismissal for lack of subject matter jurisdiction only "if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* (quotation omitted).

---

[5] Plaintiff Clervrain does not indicate that he is attempting to invoke the Court's diversity jurisdiction and the undersigned has no basis to conclude that such jurisdiction exists.

Here, Plaintiff Clervrain checks boxes indicating that he seeks relief under federal law, namely § 1983 and *Bivens*. Compl. (Doc. 1) p. 4. However, the Complaint's nonsensical allegations and indecipherable legal theories do not provide any basis for the federal claims Plaintiff Clervrain attempts to invoke. For example, when asked to provide the events giving rise to claim, the Complaint states:

> The event occured after release from Prison, which the activist alleged that the defendants discriminated against him, their failure to ratify the laws is the proximate cause of the injuries infacts or attempt to closed his bank account by Chase is presentation for justification without justification, pending to prove with evidence as part fo the controversies against control theoy, see ["Motion for ["The Answer Act"] ("TAA") or Additiona Defendants Act ("ADA" by the treaties Movement Protective Act] (TMPA), Thus the question is whether the courts must serve the ["Democrat Pary"] and ["Republic Party"] to inform the public their misconducts, as evidence to prove the claims or significant loss of pollical Freedom, and values by both the United States of America and the other country listed on the controvesies, particularlay the ["Republic of Haiti"], then he is asking for international extradition against the various politicians, by invoking the Uniform Criminal Extradition Act ("UCEA"), The defendants to invade Haiti by technicality will justify their actions, or for additional damaged pending to apply right democracy by promoting economic growth, then we asking each of the courts why?,, or why? $ 500 Billion Dollars should not be granted, and why?

*Id*. at 8-9. The remainder of the Complaint—and its attachments—provide no further clarification as to the wrongs Plaintiff Clervrain allegedly suffered or who caused such injury. Thus, because Plaintiff Clervrain provides absolutely no facts that could conceivably support his assertion that he is bringing federal claims, the Complaint should be dismissed as frivolous for lack of jurisdiction. *See Haxton v. State Farm Mut. Auto. Ins. Co. Bd. of Directors*, 2014 WL 3586550, at *5 (N.D. Fla. July 21, 2014) (finding that the plaintiff's federal claim had "no plausible foundation and thus is wholly insubstantial and

frivolous" making the claim "so patently without merit as to justify dismissal for want of jurisdiction").

Alternatively, the Complaint should be dismissed because Plaintiff Clervrain has been advised of the Complaint's deficiencies but has failed to remedy them. First, the Complaint is deficient because Plaintiff Clervrain—who is proceeding pro se—is attempting to assert claims on behalf of other litigants. Because he is not a lawyer, Plaintiff Clervrain cannot litigate interests other than his own. *See, e.g.*, *Miller v. Bobbitt*, 779 F. Supp. 495, 496 (D. Ore. 1991) (noting that a pro se plaintiff cannot represent another pro se plaintiff). Importantly, the Complaint is not signed by the other plaintiffs, nor have the other plaintiffs provided their addresses, emails, or telephone numbers as required by Federal Rule of Civil Procedure 11(a). Absent signatures of all pro se plaintiffs named in a complaint, there is no cause of action pleaded for the plaintiffs whose signatures are missing. *See Smith v. Orange Cnty.*, 2012 WL 1415606, at *2 (M.D. Fla. Apr. 5, 2012).

Second, the Complaint is an impermissible shotgun pleading because it is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. Indeed, even under the "less stringent"[6] standard for reviewing a pro se complaint, Plaintiff Clervrain's Complaint is largely incomprehensible; it makes

---

[6] As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

nonsensical allegations with no legal significance. Certainly the Complaint does not place defendants on notice of the claims against them. Plaintiff Clervrain has been specifically advised of these deficiencies, *see* Order (Doc. 5), but has taken no action to correct them. Based on the undecipherable statements and theories presented in the Complaint, which Plaintiff Clervrain has declined to remedy, Plaintiff Clervrain's realistic chance of ultimate success in this matter is virtually nonexistent.

For these reasons, the undersigned finds that the Complaint is frivolous on its face and should be dismissed. *See Herbert v. United States*, 2016 WL 10536996, at *1-2 (S.D. Fla. Dec. 14, 2016) (denying the plaintiff's motion to proceed *in forma pauperis* and dismissing the complaint without prejudice because it was "full of incoherent ramblings that fail[ed] to plead a discernable cause of action" and was therefore frivolous on its face); *Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (holding district court did not abuse its discretion in dismissing complaint as frivolous where it presented a far-fetched, clearly baseless scenario based on assertions of a massive conspiracy to monitor the plaintiff).

Accordingly, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that Plaintiff Clervrain's Motion to Proceed *In Forma Pauperis* (Doc. 9) be DENIED and that the Complaint (Doc. 1) be DISMISSED without prejudice prior to service of process.[7] It is further

---

[7] Under these circumstances, dismissal is appropriate without affording Plaintiff Clervrain a second opportunity to amend.

ORDERED that Plaintiff Clervrain's "Motion(s) for ['The Answer Act'] ('TAA') or ['Additional Defendants'] Act ('ADA') by the Treaties Movement Protective Act ('TMPA')" (Doc. 8) be DENIED; that Plaintiff Clervrain's "Motion for Settlement Agreement(s) Against Secretive Criminals by Inkoking the National Regulatory Treaties Act ('NIRTA')" (Doc. 10) be DENIED; that Plaintiff Clervrain's "Motion for ['Oppinion(s) Act'] ('MA') or ['Freedom Act'] ('FA'), or Page Limitation, Extension Must Be Granted to be Enforced by Laws" (Doc. 11) be DENIED; that Plaintiff Clervrain's "Motion for ['Opposition(s)'] or ['Criminal Intent(s)'] and/or ['Malicious'] Against Freedom of Speech(s), by the ANT(s) Freedom Act ('TAFA')" (Doc. 12) be DENIED; and that Plaintiff Clervrain's "Motion for ['Service of Process'] or ['Duty to Mitigating Act'] by Invoking the ['Negligence Official(s)'] Secretive Act ('SOSSA')" (Doc. 13) be DENIED. Finally, it is

ORDERED that Plaintiff Clervrain shall file any objections to this Recommendation on or before May 9, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-

1. *See Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of April, 2022.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE